

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2009

# Sharon Shannon v. Paul Lardizzone

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3049

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Sharon Shannon v. Paul Lardizzone" (2009). *2009 Decisions.* Paper 1171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3049
_____

SHARON M. SHANNON,
                                        Appellant
vs.

PAUL LARDIZZONE; H. MARK WISCHMANN; DOROTHY KASHNER
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:06-cv-00522)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

(Opinion filed June 18, 2009)

_____

OPINION
_____

PER CURIAM.

        Sharon Shannon, proceeding pro se, appeals the District Court's order

granting summary judgment in favor of Appellees.  For the reasons that follow, we will

affirm.

1

I.

In 2006, Shannon initiated this action by filing a complaint pursuant to Title VI of the Civil Rights Act of 1964, alleging that Appellees – each of whom worked for or volunteered at the Camden, Delaware chapter of the Disabled American Veterans ("DAV") – discriminated against her on the basis of her race and gender.[1] Shannon, who is Caucasian, claimed that in 2004 Appellees barred her from using the DAV's shuttle service and entering onto its property because she had been married to an African American.[2] In January 2007, the Appellees answered Shannon's complaint and moved for dismissal under Fed. R. Civ. P. 12(b). They argued, inter alia, that Shannon's claims were not viable because there is no individual liability under Title VI.

In February 2007 – while Appellees' motion to dismiss was pending – the District Court entered a scheduling order, which stated that the parties had until April 2007 to join additional parties or otherwise amend their pleadings. Despite this opportunity to add the DAV as a defendant, Shannon never attempted to amend her complaint. In May 2007, as Appellees' motion to dismiss remained pending, they moved

_____

[1] Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI does not cover gender discrimination. See id.

[2] Shannon states that her late husband was a Marine who was killed in the Vietnam War. It appears that her late husband's veteran status provided her access to the DAV's services.

2

for summary judgment, reiterating the arguments presented in their motion to dismiss. In June 2008, the District Court granted Appellees' summary judgment motion, holding that Title VI does not provide a cause of action against individuals. Shannon now appeals the District Court's grant of summary judgment to this Court.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over a district court's grant of summary judgment. Atkinson v. Lafayette Coll., 460 F.3d 447, 451 (3d Cir. 2006).

The District Court correctly concluded that Shannon could not recover on her claims against Appellees. Courts have held that, because Title VI forbids discrimination only by recipients of federal funding, individuals cannot be held liable under Title VI. See, e.g., Shotz v. City of Plantation, 344 F.3d 1161, 1169 (11th Cir. 2003); Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996). We agree with this reasoning. Although Shannon may have been able to pursue a claim against the DAV, she failed to add the DAV as a party despite ample opportunity to do so.

Accordingly, we will affirm the District Court's order granting summary judgment in favor of Appellees. Shannon's two motions to expand the record, received by the Court on January 2, 2009, and April 9, 2009, respectively, are denied.